

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# Cooke v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3191

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Cooke v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1024.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1024

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3191
_____

JOY P. COOKE,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals

(No. A91-309-549 )
Immigration Judge: Henry S. Dogin

_____

ARGUED APRIL 26, 2006

BEFORE: SCIRICA, Chief Judge, and NYGAARD, Circuit Judges,
and YOHN,* District Judge.

(Filed May 31, 2006)
_____

_____

*Honorable William H. Yohn, Jr., Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

Ruchi Thaker, Esq. (Argued)
Bretz & Coven
305 Broadway, Suite 100
New York, NY 10007
          Counsel for Petitioner


Donna A. Krappa, Esq. (Argued)
Office of the United States Attorney
970 Borad Street, Room 700
Newark, NJ 07102
          Counsel for Respondent

_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

Joy Cooke appeals the Board of Immigration and Appeals' order denying her motion to reopen her immigration proceeding. Because we conclude that the BIA failed to address her claim that the Immigration Judge erred by failing to advise her of her "apparent eligibility" for a waiver of inadmissibility pursuant to INA § 212(h), 8 U.S.C. § 1182(h), we will grant Cooke's petition for review and remand the cause to the BIA.

**I.**

Joy Cooke, a native and citizen of Jamaica, gained admittance as a lawful permanent resident ("LPR") in the United States in 1991. She has three children who are United States citizens, ages 21, 14, and 10. She is married to a United States citizen although they do not currently live together. She is the primary caretaker of her three

2

children and is employed as a healthcare worker. Beginning in 1991 and continuing over the next eight years, Cooke was convicted approximately ten times of petit larceny, attempted petit larceny, shoplifting, and receiving stolen property under New York and New Jersey laws. However, none of these convictions were felonies. She served jail time for only two of these convictions. She has not been convicted of any crime since 1999.

At some point before 2001, Cooke left the United States for a short trip to Jamaica. Upon returning to the United States at Newark International Airport, the Immigration and Naturalization Service issued a Notice to Appear against her. The Notice advised her that the INS was instituting deportation proceedings against her and charged her as an arriving alien who was inadmissible to the United States under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude.

After being issued the Notice, Cooke hired a New York attorney to represent her in connection with her deportation proceeding. As her attorney, he was responsible for advising her of any forms of relief from removal for which she might be eligible. But, at no time after he was retained and engaged with her case, nor at the removal hearings did he ever advise Cooke that she was eligible for a waiver under INA § 212(h), 8 U.S.C. § 1182(h), as a returning lawful permanent resident with more than seven years' residency, no aggravated felony convictions, and a qualifying relative.

3

In fact, at the removal hearings the IJ discussed with her attorney the forms of relief for which Cooke might have been eligible. In response, her attorney applied for cancellation of removal for Cooke under INA § 240A, 8 U.S.C. § 1229b, which the IJ properly denied because Cooke was statutorily ineligible. The IJ then questioned Cooke's attorney as to whether there was any other form of relief for which Cooke might be eligible and the attorney replied in the negative.

After the hearing, the IJ issued a written decision denying Cooke's application for cancellation of removal pursuant to § 240A, and, never raising the possibility of relief under § 212(h), ordered Cooke removed to Jamaica. Cooke appealed the decision to the BIA, still not raising the § 212(h) possibility for relief. The BIA affirmed the IJ's order.

After consulting with new attorneys, Cooke discovered that she could have applied for § 212(h) relief. She then filed a timely motion to reopen with the BIA, arguing that she had received ineffective assistance of counsel because her attorney had failed to apply for § 212(h) relief on her behalf. Additionally, she argued that the IJ should have recognized her "apparent eligibility" for § 212(h) relief and, pursuant to 8 C.F.R. § 1240.11 (formerly 8 C.F.R. § 240.11), was required to advise her that she was eligible to apply for it.

The BIA denied Cooke's motion to reopen. It concluded, without discussion, that the "motion does not demonstrate that [Cooke] is eligible for [INA §

4

212(h)] relief."[1]   Additionally, the BIA held that Cooke's proceeding "did not merit reopening as a matter of discretion" because "it is highly unlikely that Cooke would be granted relief from removal."  Consequently, the BIA rejected Cooke's ineffective assistance of counsel claim.

Cooke filed a petition for a writ of *habeas corpus*, challenging the BIA's order of removal.  Cooke's habeas petition contended that: (1) the IJ and the BIA violated her right to due process because they failed to follow the regulation requiring IJs to inform aliens of their apparent eligibility  for relief; (2) her right to due process was violated due to ineffective assistance of counsel; and (3) the BIA violated her right to due process because it "failed to follow case law."  However, under § 106 of the REAL ID

---

1.      The BIA's decision reads in full:
        The respondent moves the Board pursuant to 8 C.F.R. § 1003.2 to reopen our decision dated December 17, 2002.  The respondent claims ineffective assistance of former counsel.  See Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), aff'd, 857 F.2d 10 (1ˢᵗ Cir. 1988).  She declares that her former counsel failed to seek relief on her behalf for which she was eligible, specifically relief under section 212(h) of the Immigration and Nationality Act on the basis of extreme hardship to her United States citizen children.  See Matter of Mendez, 21 I&N Dec. 296 (BIA 1996).  However, her motion does not demonstrate that she is eligible for such relief.

        Moreover, the respondent has not shown that she merits reopening as a matter of discretion.  The respondent has ten larceny-related convictions since the mid-1980's.  Given this history of criminal activity and disregard for this country's laws, it is highly unlikely that she would be granted relief from removal, even if she were eligible to be considered for relief.  Accordingly, we find that the respondent has not established a claim of ineffective assistance of counsel to warrant reopening in this case.  See Matter of Assad, 23 I&N Dec. 553 (BIA 2003).  The motion is denied.

5

Act, the United States district courts no longer have jurisdiction over *habeas* petitions. Under § 106(c)), her *habeas* petition was transferred to the court of appeals and converted from a *habeas* petition to a petition for direct review pursuant to section 242(a) of the INA. *See Bonhometre v. Gonzalez*, 414 F.3d 442, 446 (3d Cir. 2005). Accordingly, and because Cooke's petition poses questions of law, we have jurisdiction to review. *See Singh v. Gonzalez*, 432 F.3d 533, 537 (3d Cir. 2006).

## II.

We review a denial of a motion to reopen an immigration proceeding for abuse of discretion. *See Zheng v. Gonzalez*, 422 F.3d 98, 106 (3d Cir. 2005) ("Motions to reopen immigration proceedings are viewed with strong disfavor, and we review the BIA's decision to deny the reopening for abuse of discretion, mindful of the broad deference that the Supreme Court would have us afford.") (quoting *Xu Long Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001)) (internal quotations omitted). "Discretionary decisions of the Board will not be disturbed unless that are found to be arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004) (quoting *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994)).

To determine whether a Board decision is arbitrary, irrational, or contrary to law, we must be able to discern both that the BIA addressed the alien's claims and that its reasons for the decision are clearly expressed. *Awolesi v. Ashcroft*, 341 F.3d 227, 233 (3d Cir. 2003) (citing *Bastidas v. INS*, 609 F.2d 101, 105 (3d Cir. 1979)). Thus, where

6

the Board fails to adequately address some claim made by the alien in her motion to reopen, or where it addresses that claim but fails to clearly articulate its reasons for its finding, we cannot review the Board's decision and will remand for reconsideration. *See id.* at 232 ("In order for [the Court] to be able to give meaningful review to the [Board]'s decision, [the Court] must have some insight into its reasoning."); *Tipu*, 20 F.3d at 586 ("[T]he Board failed to consider one of the factors in Tipu's favor, a practice which in *Sotto v. INS* resulted in a remand for reconsideration."); *see also INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("A court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. Rather, the proper course, except in rare circumstances is to remand to the agency for additional investigation or explanation.") (internal citations and quotations omitted).

Here, the BIA failed to address Cooke's first claim that the IJ was required to address her "apparent eligibility" for relief under § 212(h) relief. The government does not respond to this, other than to argue that Cooke was not eligible for section 212(h) relief and, even assuming *arguendo* that she was, the BIA was within its discretion to deny her motion to reopen.[2] This misses the mark. The issue here is not whether Cooke

_____

2.      The BIA's failure to address the existence of Cooke's apparent eligibility claim precludes our ability to determine the basis for its decision. At this juncture, the government's assertion that the BIA rejected this claim on the grounds of ineligibility and discretion is only speculative.

7

was ultimately eligible for section 212(h) relief or whether, assuming she was, the IJ should have granted her such relief. Rather, the issue here is the BIA's responsibility to address all of an alien's claims of error. Cooke's first allegation of error was that the IJ failed to advise her of her "apparent eligibility" for section 212(h) relief and there is nothing in the BIA's opinion addressing this claim.

To trigger an IJ's obligation to inform an alien concerning her "apparent eligibility" of some form of relief, the alien must meet the threshold requirements for such relief. *Moran-Enriquez v. INS*, 884 F.2d 420, 422 (9th Cir. 1989). Cooke offers meritorious reasons both for why the IJ was required to advise her of her apparent eligibility for section 212(h) relief, *see* 8 C.F.R. § 1240.11(a)(2), and for her apparent eligibility. She also argues that the record establishes that she met the statutory requirements for eligibility of section 212(h) relief. We, however, are not the appropriate forum to review or address in the first instance her contention. *Ventura*, 537 U.S. at 16, 123 S.Ct. at 355. Instead, it is appropriate that we remand to the BIA so that it may address Cooke's claim that she was eligible for section 212(h) relief and that the IJ failed to advise her of her apparent eligibility, in violation of 8 C.F.R. § 1240.11(a)(2).[3]

**III.**

---

3. Because we grant Cooke's petition for review based on the BIA's clear error in failing to address her "apparent eligibility" claim, we do not reach the merits of Cooke's ineffective assistance of counsel claim at this time.

8

We will grant Cooke's petition for review, vacate the BIA's May 30, 2003 decision denying her motion to reopen, and remand the cause to the BIA for further proceedings consistent with this opinion.